# Court of Appeals
# of the State of Georgia

ATLANTA, June 16, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0568. SHELBY MANDELL v. LEADERS REALTY/ O. CHRISTY AKINROPO.

Leaders Realty /O Christy Akinropo ("Leaders") filed a dispossessory action against Shelby Mandell ("Mandell") in magistrate court. The magistrate court entered judgment in favor of Leaders and awarded it past due rent. Thereafter, the magistrate court granted Leaders a writ of possession, and Mandell then filed this application for discretionary appeal. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-39(2) (886 SE2d 389) (2023) (punctuation omitted). "Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court." *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). To the extent this filing may be construed as a

petition for review, it is hereby TRANSFERRED to the Magistrate Court of Fulton County with direction to transmit it to the state or superior court for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/16/2026

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in another court is limited by the dearth of information. Thus, our ruling should not constrain either the magistrate court or the state or superior court to the extent those courts determine either that Mandell has not perfected his right to appeal or that jurisdiction lies elsewhere.